GERHARD & HEY CO., INC. *v.* UNITED STATES (No. 3816)[1]

[1] T. D. 47634.

United States Court of Customs and Patent Appeals, March 25, 1935

*Pickrell & McDonald* for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *Richard E. FitzGibbons*, special attorneys, of counsel), for the United States.

[Oral argument December 11, 1934, by Mr. McDonald and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court overruling four protests of importers in cases (which were consolidated below) involving merchandise described as vistra, or rayon fibre.

The importations were under the Tariff Act of 1930.

Counsel for the respective parties do not agree as to just what issues are presented, nor do they wholly agree as to the findings of fact by the trial court.

Each of the protests recites that protest is made—

against assessment of Duty and liquidation of the entry on the basis of the landed net weight instead of on the basis of invoiced conditioning weight of the merchandise, on which basis the merchandise is universally sold and resold.

Each of the protests also contains an allegation to the effect that any increase or shrinkage in the net weight of the merchandise has no bearing whatsoever on its value.

In the brief on behalf of appellant it is urged that the issues are:

1. Whether the Appraiser can use for appraisement purposes a unit of quantity other than that upon which the merchandise is usually bought and sold.

2. Whether the Appraiser's attempted determination of the dutiable weight of the merchandise, other than that examined by him, is legal and within the scope of his statutory duties.

3. Whether the Collector can disregard the value found by the Appraiser and reappraise the merchandise himself.

As we understand the findings of fact by the trial court, it was held to be established by the record that the trade has adopted a standard basis upon which the merchandise is usually bought and sold, such standard, known as "conditioned weight," being the weight of the fibre in a bone dry condition plus eleven per centum of moisture; that the invoices show the gross weights, actual net weights with actual percentages of moisture at the time of the shipment from abroad, the total conditioned weights and the unit purchase price per pound based upon same, the total extensions on the invoices showing that the merchandise was actually purchased upon the conditioned

weight basis; that the appraiser checked as correct the unit invoice prices but marked the invoice net weights as the dutiable weights, and that—

the effect of this form of return was that the appraiser adopted the invoice unit prices per pound containing 11 per centum of moisture as his appraised unit values per net pound irrespective of moisture content.

The conclusion of the trial court, citing *United States* v. *Ingram & Co.*, 17 C. C. P. A. (Customs) 228, T. D. 43668, was that the exclusive remedy of the importers on the state of facts presented, was that of filing with the collector, under Article 813 of the Customs Regulations of 1931, an application for allowance for excessive moisture.

It is insisted on behalf of the Government that the only issue herein is whether the said remedy—

is exclusive in its nature and constitutes a condition precedent for recovery or allowance for excessive moisture.

The brief on behalf of appellant states that no fault is found with the trial court's findings of fact, except the one quoted, *supra*, to the effect that the appraiser adopted the invoice unit prices per pound containing 11 percent moisture as his appraised unit values per net pound irrespective of moisture content.

Appellant insists that this finding is not correct, but argues,

If the Appraiser actually did as the lower court held he did, then his appraisement was void, because he made his appraisal on a unit of quantity (*e. g.*, a net pound), other than that in which the merchandise was usually bought and sold.

Whether the protests of appellant are sufficiently definite to enable it now to raise a question of void appraisement need not be here determined. No specific allegation as to their being void is made.

We shall not pass upon that question, because we do not concur in the contention that the appraisements were rendered void by the procedure followed. We see no reason why, if an erroneous value was, in fact, found by the appraiser, appellant did not have a complete remedy by appeal to reappraisement.

Not all erroneous appraisements are void appraisements, and appeals to reappraisement are provided to the end that errors may be corrected. We do not have here a state of facts analogous to the facts which existed in the cases of *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561, and *United States* v. *William Prym of America (Inc.)*, 17 C. C. P. A. (Customs) 180, T. D. 43475.

As we understand appellant's insistence, however, it is that the appraiser in this case did actually appraise correctly by accepting the invoice, or entered, values, which were based upon conditioned weight, but that the collector erred in applying the "conditioned weight" values not to the conditioned weights, but to the net weights.

Appellant insists that this amounts to a reappraisement by the collector upon whom no authority to reappraise is conferred by law.

We are unable to accept appellant's viewpoint. It must be assumed, in the absence of proof to the contrary, that the appraiser complied with his statutory duty with respect to the ascertainment of the quantities of merchandise involved. These he indicated by notations on the entries, and the notation "Dutiable weight," which he is assumed to have made, it seems to us, entered as an element into his findings of value.

In other words, as held by the trial court, the appraiser determined the dutiable value to be the "conditioned weight" price applied, however, to the net weight pounds, and the collector simply liquidated in accordance with the regular and usual procedure.

If there was error in the appraisement, the proper remedy was an appeal to reappraisement, and the issues here cannot be properly determined upon protest.

Upon the question of whether appellant might have obtained relief, assuming, without holding, it to have been entitled to relief, by proceeding under Article 813 of the Customs Regulations of 1931, as indicated by the trial court, no opinion is here expressed.

Upon the record presented, we think there was no error in the action of the United States Customs Court overruling the protests and its judgment is *affirmed*.

LENROOT, Judge, concurs in the conclusion.